GERALD C. MANN
ATTORNEY GENERAL

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

June 7, 1939

Dr. T. J. Crowe, Secretary
Texas State Board of Medical Examiners
Mercantile Building
Dallas, Texas

Dear Sir:

Opinion No. O-876
Re: Certain enumerated ques-
tions regarding the Med-
ical Practice Act.

This department has received your re-
quest of May 25, 1939, for an opinion on the
following questions:

"Under Article 4501 does the pre-
requisite of citizenship exclude aliens
from examination by the Board at this
time?

"Does the lack of citizenship now
exclude aliens previously examined un-
der the former law from re-examination,
notwithstanding the previous acceptance
and examination?

"Would the return of all applica-
tions from graduates of Chicago Med-
ical School unless a recently adopted
adverse report thereon is of record
in the minutes of the Board involve
the Board in litigation?

"Is the sixty (60) hours college
work required to be taken before the
medical training?"



Hon. T.J. Crowe, Secretary, June 7, 1939, Page 2

        We answer your first question in the
negative. We answered this question and gave
the reasons therefor in our opinion No. O-866,
dated June 1, 1939, a copy of which, was mail-
ed to you on or about June 2, 1939.

        Your second question is also answered
in the negative. We answered that question in
our opinion No. O-866, dated June 1, 1939, a
copy of which, was mailed to you on or about
June 2, 1939.

        Your third question as to whether the
actions of the Board in refusing to admit cer-
tain applicants to examination may involve the
Board in litigation, unless the recent adverse
report on the school from which the applicants
came is of record in the minutes of the Board.
We cannot advise you what action the applicants
might take in the event they are rejected.  In
the event suit is brought to force the Board to
admit these applicants to examination, the pos-
ition of the Board might be embarrassing since
the records of the Board do not disclose why
the applicants were refused admission to the ex-
amination.

        The question listed as number 4 in
your request has been answered by this depart-
ment in our opinions Nos: O-579 and O-866, dated
May 10, 1939 and June 2, 1939 respectively.  In
each of those opinions this department held that
the Article 4501, R.C.S., as now written, does
not require that the sixty (60) hours college
work shall be obtained before entrance to medi-
cal school, but requires only that it be acquired
prior to application for admission to the exam-
ination of the Board.



Hon. Hubert Forman, May 22, 1939, Page 3

with the audit held be sufficient to create "an imperative public necessity" for a second or reaudit, same must be determined by the commissioners court.

It is, therefore, the opinion of this department that it is within the authority of the commissioners' court to determine whether or not "an imperative public necessity exists" for a county audit as contemplated within the provisions of Articles 1641 and 1646a Revised Civil Statutes, 1925 - there being no limit as to the number of audits that can be had so long as such reasons and necessity as enumerated in Article 1641, in the judgment of the commissioners' court creates such "imperative public necessity" therefor.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WmK:jm

APPROVED:

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN